# In the United States Court of Federal Claims

**FOR PUBLICATION**

No. 24-144C
(Filed: February 5, 2024)

|  |  |
|---|---|
| **DONALD L. MARTIN**, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) |

## ORDER OF DISMISSAL

Plaintiff pro se Donald L. Martin is currently incarcerated at Regional Reentry Management (RRM) Detroit, a privately-operated federal halfway house located in Milan, Michigan. He is scheduled to be released from custody on April 29, 2025. In his complaint, Mr. Martin alleges that the Federal Bureau of Prisons (BOP)–acting by and through officials and agents employed at the Federal Correctional Institution (FCI) Ashland, located in Ashland, Kentucky, and RRM Detroit–incorrectly calculated his earned time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (codified at 18 U.S.C. § 3631 *et seq*.), and failed to timely file his residential reentry center or home confinement referrals.[1] According to Mr. Martin, these actions delayed his transfer from FCI Ashland to custodial prerelease. He seeks monetary damages in excess of $100 million. Accompanying the complaint is Mr. Martin's motion for equitable tolling (ECF 2).

According to the complaint, appended documents, and public court filings, on October 18, 2017, a federal grand jury sitting in the Western District of Kentucky

---

[1] In support of his claims, Mr. Martin further cites BOP Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (Nov. 18, 2022), *as amended* (Mar. 10, 2023), *available at* https://perma.cc/Y57N-E5UJ (last visited Feb. 5, 2024). In short, the policy statement outlines BOP's criteria and procedures for awarding earned time credits under the First Step Act.

returned a true bill charging Mr. Martin with using interstate commerce to entice a minor to engage in sexual activity and, thereafter, traveling from Indiana to Kentucky with the intent to engage in illicit sexual contact in violation of 18 U.S.C. §§ 2422(b) and 2423(b). *See United States v. Martin*, No. 17-141 (W.D. Ky.) (ECF 1). Following a three-day trial, on April 20, 2018, a jury found Mr. Martin guilty on both counts. Mr. Martin was subsequently sentenced to ten years in federal prison, followed by ten years of supervised release conditioned upon, inter alia, his submission of DNA evidence and compliance with the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 *et seq*. He was also fined $5,000 and ordered to pay a $200 special assessment. *See Martin*, No. 17-141 (W.D. Ky.) (ECF 113). The United States Court of Appeals for the Sixth Circuit affirmed Mr. Martin's conviction. *United States v. Martin*, 780 F. App'x 248 (6th Cir. 2019). His requests for post-conviction relief were denied. *United States v. Martin*, No. 19-905, 2022 WL 1599708 (W.D. Ky. May 20, 2022), *appeal dismissed*, No. 22-5584 (6th Cir. Oct. 14, 2022).

Prior to filing suit in this Court, Mr. Martin sought administrative relief under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2672 *et seq.,* and implementing regulation, 28 C.F.R. § 0.172. Citing the alleged failure by FCI Ashland officials to properly apply his earned time credits, Mr. Martin sought monetary damages of approximately $1.5 million. On June 21, 2023, the BOP denied Mr. Martin's administrative tort claim, explaining that his claim is not recognized under the FTCA. ECF 2-1 at 6. In closing, the BOP noted: "If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court no later than six months from the date of this letter." *Id.* On October 25, 2023, BOP summarily rejected Mr. Martin's renewed requests for relief as duplicative. *Id.* at 19.

To demonstrate this Court has jurisdiction under the Tucker Act, 28 U.S.C. §1491, a plaintiff must establish his claim falls under a "money-mandating" statute. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Id.* at 1173 (quoting *Mitchell*, 463 U.S. at 217). In other words, the statute must "be reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Mr. Martin contends that prison officials improperly calculated his earned time credits under the First Step Act, resulting in his delayed transfer from federal prison to custodial prerelease by seventy-six days (i.e., June 1, 2023 to August 16, 2023). Relevant here, Section 3632(d)(4) of the First Step Act provides:

> (A) **In general.**--A prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
> >
> > (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> . . .
>
> (C) **Application of time credits toward prerelease custody or supervised release.**--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4). In turn, Section 3624(g) further defines prisoners eligible to participate in the earned time credits program and the types of prerelease custody available. *See id.* § 3624(g).

      A plain reading of this statutory scheme reveals Congress passed the First Step Act to reduce recidivism by offering specified sentence reductions to identified inmates who successfully complete evidence-based educational and rehabilitation programs. There is no corresponding provision mandating monetary awards or relief in exchange for an inmate's participation in the designated programs or the BOP's claimed failure to properly calculate and apply earned time credits. Indeed, the sole potentially cognizable claim for monetary damages under the First Step Act falls under the FTCA. *See, e.g.*, *Ealey v. United States*, No. 22-69, 2022 WL 4607512, at *2 (D. Neb. Sept. 30, 2022) (discussed below). However, it is well settled that this Court "lacks jurisdiction to hear . . . FTCA claim[s] for allegedly tortious conduct by the United States or its agents because it is specifically barred from hearing tort cases." *Canuto v. United States*, 615 F. App'x 951, 953 (Fed. Cir. 2015) (citing 28 U.S.C. § 1491(a)(1)). As explained in the BOP's June 21, 2023 denial of Mr. Martin's administrative tort claim, quoted above, any potential claim for relief lies exclusively in federal district court. *See id.* ("District courts, not the [Court of

Federal Claims], have jurisdiction over FTCA claims 'against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'") (quoting 28 U.S.C. § 1346(b)(1)). For these reasons, this Court lacks jurisdiction to consider Mr. Martin's claims.

Prior to dismissing this action sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC),[2] the Court considers whether transfer to a court with jurisdiction is in the interest of justice. Title 28, United States Code, Section 1631, provides:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631. Transfer under this section is appropriate when (1) the transferring court lacks jurisdiction, (2) jurisdiction lies in another court, and (3) transfer is in the interest of justice. *Zoltek v. United* States, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631).

As to the first requirement, as explained above, this Court lacks jurisdiction to entertain Mr. Martin's complaint. The final two requirements are not so easily satisfied.

Mr. Martin is currently incarcerated in Milan, Michigan, located within the jurisdictional boundaries of the Eastern District of Michigan. The alleged tortious behavior committed by BOP officials and agents occurred during Mr. Martin's incarceration at FCI Ashland, located within the jurisdictional boundaries of the Eastern District of Kentucky. Additionally, Mr. Martin's administrative tort claim was processed out of the BOP Consolidated Legal Center in Lexington, Kentucky, located in the same district. As such, the likely venue for Mr. Martin's FTCA claim is the United States District Court for the Eastern District of Kentucky. *See* 28 U.S.C. § 1391(b)(2). For the reasons that follow, however, the Court need not conclusively resolve these jurisdictional and venue questions.

---

[2] RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.; see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.") (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

4

Regarding the final requirement, the Court finds that transferring this case would not serve the interests of justice. As recently explained by this Court:

> "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011) (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999)).

*Willis v. United States*, No. 21-2170, 2022 WL 54443, at *3 (Fed. Cl. Jan. 6, 2022), *reconsideration denied*, 2022 WL 2289083 (Fed. Cl. June 24, 2022). As summarized above, Mr. Martin seeks monetary damages because prison officials allegedly failed to properly calculate and apply his earned time credits. Several issues highlight the weakness of Mr. Martin's claims.

As an initial matter, contrary to the instructions included in the BOP's decision letter of June 21, 2023, Mr. Martin did not commence this action within six months of the agency's decision as required under 28 U.S.C. § 2401(b). Mr. Martin instead waited until January 29, 2024, to file his complaint.[3] On this point, the Court takes into account the holding of the United States Supreme Court in *United States v. Wong*, "that the FTCA's time bars are nonjurisdictional and subject to equitable tolling." 575 U.S. 402, 420 (2015). Although Mr. Martin filed a motion for equitable tolling contemporaneous with his complaint, it would be improvident for the Court to address his motion premised upon the interpretation of and relief from a statute (i.e., the FTCA) over which this Court lacks jurisdiction.

Further, as noted *supra*, there are serious questions surrounding whether alleged miscalculations and applications of earned time credits under the First Step Act create an actionable claim for monetary damages.[4]  *See, e.g.*, *Ealey*, 2022 WL

---

[3] Application of the prisoner mailbox rule does not salvage Mr. Martin's claim as his complaint is dated January 22, 2024, which is similarly past the December 21, 2023 filing deadline. *See Clark v. United States*, 126 Fed. Cl. 451, 458 n.5 (2016). For the reasons explained *infra*, the Court does not address whether Mr. Martin's post-June 21, 2023 renewed requests for administrative relief–summarily rejected by the BOP on October 25, 2023–tolled or otherwise extended the filing deadline.

[4] Mr. Martin's claims of false imprisonment and abuse of process similarly fall outside this Court's jurisdictional authority and exclusively within the ambit of the FTCA, thereby subject to the same analysis and outcome. *See Jackson v. United States*, 612 F. App'x 997, 998 (Fed. Cir. 2015) ("The Court of Federal Claims . . . had no authority to adjudicate [plaintiff's] claim seeking damages for false imprisonment."); *McKenzie v. United States*, 524 F. App'x 636, 638 (Fed. Cir. 2013) (Plaintiff's claims, including abuse of process, "are all textbook examples of causes of action that sound in tort" and thus outside the Court of Federal Claims' jurisdiction under the Tucker Act.).

4607512, at *1–3 (plaintiff's FTCA claim for money damages based on allegation BOP failed to timely award earned time credits under the First Step Act fails to state a claim upon which relief can be granted).  Accordingly, this Court finds transfer under 28 U.S.C. § 1631 is not appropriate.

For the foregoing reasons, plaintiff's complaint (ECF 1) is **DISMISSED** sua sponte for lack of jurisdiction in accordance with RCFC 12(h)(3), and plaintiff's motion for equitable tolling (ECF 2) is **DENIED** as moot.  The Clerk of Court is directed to **ENTER** final Judgment dismissing plaintiff's complaint.

It is so **ORDERED**.

_____
Armando O. Bonilla
Judge